Green, J.
delivered the opinion of the court.
This is an action of ejectment, and the only question the plaintiff in error has made before this court, is, whether a deed from W. Hunt to Isaac Roberts, dated in 1794 and proved and registered in 1796, ought not to have been rejected, because the addition of his office is not annexed to the certificate of probate by the clerk; and whether the record of a partition of lands ought not to have been rejected, because the return of the commissioners is not under their seals.
1. As to the first question, the act of 1839, ch. 26, sec. 9, provides: “that whenever a deed has been registered twenty years or more, the same shall be presumed to be upon lawful authority, and the probate shall be good and effectual, though the certificate, on which the same was registered, has not been. transferred to the register’s books,, and no matter what has been the form of the certificate of probate or acknowledgment. This act cures the defect in the certificate of this deed. - The *508 certificate is in due form except that Andrew Ewing, who certifies the probate, does not state that he? is clerk. This act declares, that where a deed shall have been registered twenty years or more, the same shall be presumed to have been upon lawful authority, and the probate shall be good no matter what has been the form of the certificate. In the present case, the deed has been registered more than fifty years.
2. It is insisted that the record of partition offered in evidence is inadmissible, because, it does not appear that the return of the commissioners was made under their seals, as the act of 1787, ch. 17, sec. 1, directs. This provision is merely directory, and does not vitiate the record of partition, the return having been received and made part of the record of the court. The verity attached to it is as a record of the court and not upon the question whether it was made under seal.
Affirm the judgment.